GREATER KANSAS CITY LABORERS DISTRICT COUNCIL OF the INTERNATIONAL HOD CARRIERS BUILDING AND COMMON LABORERS UNION OF AMERICA OF GREATER KANSAS CITY AND VICINITY et al., Appellants,

v.

BUILDERS' ASSOCIATION OF KANSAS CITY, a Corporation, et al., Respondents.

No. 23989.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

John J. Manning, Robert S. Fousek, Kansas City, for appellants.

Harry L. Browne, Howard F. Sachs, Stanford C. Madden, Kansas City, Spencer, Fane, Britt & Browne, Kansas City, of counsel, for respondent Builders' Ass'n of Kansas City.

MAUGHMER, Commissioner.

Plaintiffs sought an injunction to restrain the disbursement of any part of a Health and Benefit Fund. The trial court refused to grant such relief and plaintiffs have appealed.

No findings of fact were made nor were any requested. The suit was brought by the Greater Kansas City Laborers District Council of the International Hod Carriers Building and Common Laborers Union of America of Greater Kansas City and Vicinity, and individually as a class by Willard Wilkinson, Secretary-Treasurer, Leo Boylan, Vice-President, and Otto Bowles, President, officers of the District Council. The defendants, as originally named, included the Builders Association of Kansas City, Laborers Local Unions Nos. 264 and 555, and Traders National Bank, depository of the fund. Later Jerry Irving, Ray Livingston, and Don Jarrett were joined as a

class representing Local 264, and Leo Mc-Kamey, Vernon Brooks and George Hishaw were similarly joined as defendants representing Local 555.

The actual facts out of which this controversy arises are generally conceded or agreed upon. The disputes revolve principally around the authority of the various organizations, including labor unions—local, district and international—the Builders Association of Kansas City and various individual officials to control and expend the fund.

The plaintiff union apparently was bargaining agent for Locals 264 and 555 and other locals in Kansas City, Springfield and rural Missouri. The members of these unions were all engaged in the building industry. Some were engaged in heavy construction—roads, bridges, etc. Locals 264 and 555 build houses and other buildings termed in the trade as "light construction". Through plaintiff union's council, a group made up of delegates from the various locals, an agreement was negotiated whereby the Builders Association of Kansas City, effective April 1, 1962, would pay or the construction contractors would pay into a Health and Welfare Fund the sum of ten cents (10¢) per hour for each hour worked by such construction union's employees. Such fund payments covering the work of members of Locals 264 and 555 and in a large amount, have been deposited in the Traders National Bank. Similar payments covering heavy construction workers, who are members of other unions and members of outstate unions, have been deposited in a Jefferson City Fund and insurance coverage for those members has been bought. This Jefferson City Trust Agreement, management and insurance protection, as bought, has the approval of plaintiffs, who say that the fund on deposit with the Traders National Bank must likewise be sent to Jefferson City and become a part of that fund.

The Locals 264 and 555 unanimously voted to administer their fund locally and separate and apart from other funds. The Builders Association is in agreement with them in this respect. It is asserted for them that plaintiffs neither own nor have a right to control any part of their fund and have no authority to dictate as to its disposition. Defendants contend that the suit was properly dismissed because (1) Appellants under the constitutions of the unions—international, district and local— are required to first exhaust their administrative remedy of review by and through the unions before a civil suit is permissible; (2) plaintiffs have no interest in the fund, either ownership thereof or right to control expenditures therefrom; (3) because plaintiffs have no interest they are not proper "class representatives" and (4) the question is moot because a plan covering this particular welfare fund has been in actual operation since November, 1962.

Section 7, Article XVIII, Constitutions of the International Hod Carriers, reads as follows:

"No Local Union or officer or member thereof shall bring or cause to be brought in any court, whether in law or in equity, any action against another Local Union, District Council or the International Union, or their officers, representatives or employees, in any matter involving an issue arising out of or related to their charter or to their rights or obligations, which is remediable within the framework of the International Union, Local Union or District Council Constitution, without first having exhausted all of the remedies available under the aforesaid Constitutions".

Section 1(d) Article III, Uniform District Council Constitution provides:

"The District Council is required to exhaust remedies in accordance with Article XVIII, Section 7 of the International Constitution".

The matter before us has not been presented to or through the union ad-

ministrative channels. In Reed v. St. Louis Southwestern R. Co., Mo.App., 95 S.W.2d 887, 889, the law is stated this way:

"It is well settled that, where contracting parties either agree or are required by law to resort to a designated tribunal for the adjustment of controversies, they must exhaust such remedy before resorting to the courts for redress". (citing cases).

To the same effect is this part of the opinion in Robinson v. Nick, 235 Mo.App. 461, 136 S.W.2d 374, 387:

"It is indeed a well settled principle of law that in cases involving the internal affairs of an association such as a trade union, where no distinct property right is directly involved, a member who has a grievance must exhaust whatever remedies are provided within the organization before he may ask the courts to interfere. This for the reason that the relation between the member and the association is contractual; and so long as the constitution, rules, and by-laws of the association, which constitute the contract, do not contravene the laws of the land, and the affairs of the association are conducted fairly and honestly, the courts will refuse to interfere upon the theory that the decisions of the tribunals set up within the association are binding and conclusive upon the member."

The rule as stated in these opinions was approved by the court in Junkins v. Local Union No. 6313, Communication Workers of America et al., 241 Mo.App. 1029, 271 S.W.2d 71.

■ It follows that since the right and requirement of review through the union administrative channels have not been invoked or exhausted, that the present suit, even if it were otherwise well grounded, is premature and the trial court properly refused plaintiffs' prayer for an injunction.

■ Moreover, we are unable to see how plaintiffs have any real and direct interest in this fund, as a union council or as individuals or as officers of the Council. The money comprising the fund is a part of the wages paid to or for members of Locals 264 and 555. The fund is to be utilized to provide health and welfare benefits and protection for them. Locals 264 and 555, as unions and by the vote of the individual members, have declared in favor of administering their fund separate and apart from the Jefferson City fund. We have not been shown any specific union requirement, any rule of law or reason under which plaintiffs are entitled to either absolute or joint control of this fund. For this second reason the injunction was rightly denied.

It seems doubtful that plaintiffs if they have no interest in the fund or at least an adverse interest, are proper "class representatives". One witness testified that a plan utilizing this particular fund has been in operation since November, 1962. Defendants say, therefore, the issue is moot.

It is our opinion that for (1) failure to pursue and exhaust the administrative review process and (2) because plaintiffs have no interest in the fund or right to either entirely or jointly control its usage, plaintiffs' petition for an injunction must be denied. These reasons are good, sufficient and decisive and it is therefore unnecessary to determine if the question has become moot or if plaintiffs are suitable class representatives.

The judgment denying injunctive relief is affirmed.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.